IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DWAYNE WALKER** | § | **CIVIL ACTION NUMBER** |
| Plaintiff | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **THE CITY OF HOUSTON,** | § | |
| **SHANE C. PRIVETTE,** | § | |
| **DALTON T. WEBB,** | § | |
| **STEVEN KIRLAND HEIN,** | | |
| **JOHN DOE, in their individual capacity** | § | |
| Defendants | § | **JURY REQUESTED** |

### PLAINTIFF, DWAYNE WALKER'S, ORIGINAL COMPLAINT

Plaintiff in the above-styled and numbered cause and files this ORIGINAL COMPLAINT. Plaintiff complains of Defendants, Shane C. Privette, Dalton T. Webb, and Steven Kirkland Hein, in their individual capacities as police officers and the City of Houston, Texas and CITY OF HOUSTON, and for good cause would respectfully show unto the Court the following:

### A. INTRODUCTION

1. This claim arises out of an incident of excessive police force and the failure to intervene and stop that police conduct that occurred on or about November 14,

2017, by Defendants Shane C. Privette, Dalton T. Webb, Steven Kirkland Hein, and the City of Houston, upon Plaintiff. Later, an incident report was prepared and filed but contained material fabrications by omitting material facts and circumstances occurring during the above police misconduct incident.

## B. JURISDICTION AND VENUE

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, the United States Civil Rights Act, Title 42 U.S.C. §1983 and §1988.

3. This court has jurisdiction of this cause number under Title 28 U.S.C. §1331 (federal question) and §1343(3) and (4).

4. Venue lies in the United States District Court of the Southern District of Texas where the claim arose.

## C. PARTIES

5. At all times relevant, Plaintiff was a United States Citizen, resident of Harris County, State of Texas.

6. Defendants Privette, Webb and Hein are sued individually and were employed by the City of Houston.

7. At all times relevant, Defendant, City of Houston, (the City) was a municipal corporation and Home Rule City, established under the laws and Constitution of the

State of Texas. The City lies within the U.S. Southern District of Texas, Harris County. The City may be served with process by serving the city secretary Anna Russell at City Hall: 900 Bagby Street, Room P101, Houston, Texas 77002, or wherever they may be found. Tex. Civ. Prac. & Rem. Code §17.024.

8. At all times relevant to this lawsuit, Defendant Shane C. Privette, was a police officer for the City of Houston and acted under color of State law. Defendant Privette may be sued in his individual capacity. Defendant Privette is a resident of the State of Texas and may be served at 8300 Mykawa, Houston, Texas 77048 or anywhere he may be found.

9. At all times relevant to this lawsuit, Defendant Dalton T. Webb, was a police officer for the City of Houston and acted under color of State law. Defendant Webb may be sued in his individual capacity. Defendant Webb is a resident of the State of Texas and may be served at 9455 W. Montgomery Rd., Houston, Texas 77088 or anywhere he may be found.

10. At all times relevant to this lawsuit, Defendant Steven Kirkland Hein, was a police officer for the City of Houston and acted under color of State law. Defendant Hein may be sued in his individual capacity. Defendant Hein is a resident of the State of Texas and may be served at the Houston Police Department, 1200 Travis, Houston, Texas 77002 or anywhere he may be found.

11. At all times relevant to this lawsuit, Defendant John Doe was a police officer for the City of Houston and acted under color of State law. Defendant Doe may be sued in his individual capacity. Defendant Doe is a resident of the State of Texas and may be served at the Houston Police Department, 1200 Travis, Houston, Texas 77002 or anywhere he or she may be found.

12. At all times referred to herein, Defendants acted under color of law, statutes, ordinances, regulations, policies, customs, and usages of the State of Texas.

### D. FACTS

13. On or about November 14, 2017 at approximately 1906 hours, Officer S. Privette and Officer D. Webb were assigned to the North Command's Hot Spot Unit 91B75 assisted narcotic squad 9 with a narcotic investigation located at 1302 North Loop East in Houston, Harris County, Texas.

14. The narcotic officer parked his vehicle on the south side of the parking lot of the Shell gas station with the listed suspect seated in the front passenger seat. The narcotic officer got out of the driver's seat and stood aside as Defendant Privette approached the driver's side where Defendant Webb took the female suspect into custody who was seated in the back right passenger seat of the vehicle.

15. Defendant Privette ordered Plaintiff to step out of the vehicle and told him to place his hands behind his back to which Plaintiff fully complied by exiting the vehicle and placing his left hand behind his back. Plaintiff communicated to

Defendant Privette that he was unable to place his right hand behind his back due to an old injury. Defendant Privette lifted Plaintiff's shirt and confirmed a large scar on his right shoulder corroborating the communicated injury. During this time, Defendant Hein arrived to assist Defendant Privette and Defendant Webb.

16. Defendant Privette forcefully threw Plaintiff to the ground by forcing his left arm toward the ground by the attached handcuff. Defendant Privette delivered 3-4 knee strikes to the suspect's back while handcuffed. While Defendant Webb and Defendant Hein had Plaintiff pinned to the ground, Defendant Privette delivered another knee strike to the Plaintiff's head/face breaking his orbital socket.

17. After the fifth strike, Plaintiff became disoriented. The Plaintiff sustained a broken orbital eye socket, eye lacerations, bloody nose, abrasions to the forehead, and a black eye. The Plaintiff was not transported to the jail but directly to the hospital for treatment.

### E. VIOLATION OF 4th and 14th Amendments, U.S. CONST. AND 42 U.S.C. §1983 – EXCESSIVE FORCE

18. Plaintiff herein incorporates by reference all that is set forth above for all intents and purposes, as though fully set forth herein. While Defendant had probable cause Plaintiff, this did not justify Defendants applying significant force by beating Plaintiff that caused a broken orbital eye socket, eye lacerations, bloody nose, abrasions to the forehead, and a black eye.

19. Plaintiff allege that Defendants, jointly and/or severally, deprived Plaintiff of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the 4th Amendment as incorporated and applied to the Defendant City, Privette, Webb, and Hein through the due process clause of the 14th Amendment, U.S. Const by repeatedly applying excessive force greater than the need by body slamming the handcuffed Plaintiff to the ground and causing a broken orbital eye socket, eye lacerations, bloody nose, abrasions to the forehead, and a black eye.

20. Substantive due process under the 14th Amendment includes the right to be free from irrational and unreasonable conduct, which includes the right to be free from police officer direct fabrication or fabrication by omission in the police reports pertaining to Plaintiff's arrest.  Officer's claim that Plaintiff was

### *Peace Officer Liability*

21. Plaintiff brings a claim against Defendants Privette, Webb, and Hein, in their individual capacity, pursuant to 42 U.S.C. §1983 and for punitive damages.  At all material times, Defendants, Privette, Webb and Hein were acting under the color of state law.  Defendants Webb and Hein failed to intervene to stop the other officer's illegal conduct by watching Defendant Privette continue to strike and beat Plaintiff while he was handcuffed and under their control.

22. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in the light of the circumstances facing the officer.  *See Graham v.*

*Connor*, 496 U.S. 386, 398 (1989).  The facts and circumstances of this case show that the actions of Defendants Privette, Webb and Hein were clearly unreasonable. All Defendants had no reasonable mistaken belief that Plaintiff was dangerous or posed any risk of harm to them of their use of force would have been objectively reasonable or constitutionally reasonable to a reasonable officer in the same circumstances because:

(1) Plaintiff made no aggressive action toward any of the Defendants and nothing he did could be interpreted as threatening as we allowed officers to handcuff him without issue;

(2) Plaintiff made no verbal threats towards Defendants as he was fully compliant with all commands.

(3) Plaintiff did not touch Defendants, as he was handcuffed and secured by Officer Webb

(4) Plaintiff was fully compliant with orders and commands made by Defendants and as stated by Officer Privette

23. Defendant Privette did not have reasonable fear of imminent bodily harm when he exercised excessive force in the detention and repeated striking of the Plaintiff causing physical injuries including broken orbital eye socket, eye lacerations, bloody nose, abrasions to the forehead, and a black eye.  The excessive force exercised by Defendant Privette was unwarranted under these circumstances

and was objectively and subjectively unreasonable when comparing or balancing the amount of force used against the need for the force. Plaintiff was handcuffed and was detained along with being under the care, custody and control of two additional officers.

24. Therefore, by using objectively and subjectively unreasonable excessive force while acting under the color of state law, Defendants Privette, Webb, Hein, and Defendant City of Houston violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive force upon the Plaintiff in his detention and arrest.

25. The actions of Defendants use of excessive force was undertaken pursuant to a policy (or lack thereof), practice, or custom of The City Police Department and the City of Houston including arresting the Plaintiff in such a manner that utilized excessive force upon Plaintiff.

26. At the time, Defendants exercised excessive force upon Plaintiff, they were acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing police officer's excessive use of force. *See Monell v. New York City Dept. of Social Servs.*, 436. U.S. 658, 659 (1978).

## FAILURE TO INTERVENE – BYSTANDER LIABILITY (WEBB AND HEIN)

27. Defendant Webb and Defendant Hein knew that the repeated striking and abuse of Plaintiff was unconstitutional while Plaintiff was handcuffed and under their control.  As previously referenced, Defendant Webb and Defendant Hein had Plaintiff Holley under their control and continued to allow Defendant Privette to beat Plaintiff.

28. Defendant Webb and Defendant Hein had reasonable opportunity after Defendant Privette's initial strikes to prevent the future harm which caused physical and emotional damage to the Plaintiff.

29. In light of Defendant Privette's repeated beating of Plaintiff, Defendant Webb and Hein chose not to act allowing Plaintiff to suffer at the hands of Defendant Privette.  Defendant Webb and Hein did not prevent and protect Plaintiff from harm.

**SUPERVISOR LIABILITY**

30. Plaintiff incorporates herein the facts stated above.

31. John Doe as supervisor failed to train or supervise the defendant officers who arrested Plaintiff.

32. The officers were not monitored or supervised by John Doe.  This caused Plaintiff to be subjected to unreasonable beating, striking, kicking, and force that

was excessive in need.  This failure to supervise/ train cause harm to the Plaintiff which resulted in a broken orbital eye socket, cuts and bruises, a black eye, bruises and contusions on his face, scrapes and bruising on his face, pain in his body, bleeding left eye; severe emotional trauma, suffering, and distress; mental, and emotional pain, anguish, suffering, and distress; compensatory and consequential damages, including damages for emotional anguish and distress, suffering,  and humiliation.

### F. MUNICIPAL LIABILITY:

33. In establishing its procedures, the Defendant City has a duty under the 4th and 14th Amendment, U.S. Constitution to refrain from enforcing or continuing in effect policies, procedures, customs, or practices that create a substantial likelihood that persons such as Plaintiff would be subjected to Houston Police Department's Defendant officers' misconduct.

34. Additionally, municipalities may be held liable under 42 U.S.C. §1983 for constitutional torts that are committed pursuant to policy, procedure, practice, or custom of the municipality.  Even if the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy.  *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

35. On or about November 14, 2017, Defendant City of Houston through its Police Department, failed to have a written policy on the use of force and/or de-escalation tactics. Defendant City of Houston has a history of incidents of excessive force. The City's formal and informal actions in overlooking, hiding and/or tacitly encouraging police misconduct of other officers, the Chief of Police, and others, reflect a policy, practice, custom, and procedure authorizing and allowing the use of excessive force that it violated the civil rights of Plaintiff. Consequently, the City is liable for ham caused to other, such as Plaintiff, as a result of its policies, practices customs, and procedures. The City of Houston Police Department has beaten other detainees such as Chad Holley, John Allen, and other citizens the department was aware of at the time of the beating.

36. Failure to train Defendants and its police officers on each police officer's duty to: (a) not engage in excessive force/punishment and (b) intervene to stop another's officer's unreasonable use of force or beating of a suspect during and after detention. The Department has had several complaints including Chad Holley and John Allen.

37. This lack of policy amounted to gross negligence, recklessness, and deliberate indifference on behalf of the City of Houston and its surrogate Houston Police Department. The unconstitutional policies, practices, and customs amounted to deliberate indifference demonstrated by the Defendant City of Houston and the supervising and training personnel of its police force allowed the conduct of

Defendants to go unchecked and continually harm citizens such as the Plaintiff. The recklessly inadequate of non-existent policies failed to protect against the excessive use of force and the use of de-escalation and intervention tactics, such as what would deter the misconduct that Defendants Privette, Webb, and Hein engaged in as described above. To date, the Defendant City of Houston has failed to take any action regarding changing City policy regarding training officers in the use of excessive force. Such failure to rain its police force to prevent unconstitutional misconduct by members of its policy force is another common practice by City of Houston decision makers.

38. Defendant City of Houston is liable for the constitutional torts of Defendants because the city sanctioned the following customs, practices and policies:

(a) Using excessive, and oftentimes deadly force, to carry out otherwise routine arrests or stops;

(b) Using excessive force when such force is not necessary or permitted by law;

(c) Ignoring the serious need for training of its officers in regard to the use of only lawful force, and the use of de-escalation tactics when other officers utilize excessive force;

(d) Failing to discharge or discipline those persons who are found to have engaged in the excessive force upon those entrusted to their care and/or

under their control or allowing them to have no consequences to their actions of excessive force, thereby sanctioning Defendants Privette's, Webb's, and Hein's unconstitutional conduct;

(e) Failing to adequately supervise and/or observe its officers;

(f) Failing to adequately train officers regarding the availability of alternative means to using excessive force when detaining and arresting persons;

(g) Failing to discharge officers who have shown an incident, pattern, practice, or propensity of using excessive force, thereby sanctioning Defendants Privette's, Webb's and Hein's unconstitutional conduct;

(h) Adopting a practice whereby officers who are unfit for peace officer duties, are not hired by the Defendant City's police department, or are allowed to retain employees despite their previous violative actions or propensities displayed in the line of duty, and lack of above suggested trainings.

(i) The City's policy of lack of policy caused Plaintiff to be deprived of his constitutional rights to be free from unlawful seizures and objectively unreasonable force under the Fourth and Fourteenth Amendments applied through 42 U.S.C. §§1983 and 1988.

## G. DAMAGES

39. Plaintiff alleges and incorporates for all intents and purposes, all of the above paragraphs as though set forth in full herein.

40. Defendants Webb and Hein forcefully restrained Plaintiff, while Defendant Privette continuously jostled, kneed and punched the Plaintiff. While Defendants had Plaintiff handcuffed, Defendant Privette with the full weight of his body continuously struck the Plaintiff.[1] The use of force by Defendants Privette, Webb, and Hein was unreasonably excessive to the point that Plaintiff endured the following damages as a direct and proximate result of Defendants' wrongful actions, conduct, and omissions. *Ballard v. Burton*, 444 F. 3d 391 (5th Cir. 2006). Due to the excessive force that resulted in severe injuries to the Plaintiff, Plaintiff was ambulatory and was hospitalized for two days and continues to need medical and psychological treatment to cope with the results of the beating. The damages Plaintiff incurred are in the amount of $750,000.00.

41. As a direct result of Defendants Privette's, Webb's, and Hein's use of excessive force in their arrest and detention of Plaintiff, and Defendant City of Houston described above, Plaintiff suffered actual physical and emotional injuries, and other damages and losses as described herein, including excruciating physical pain, disfigurement, and suffering including but not limited: a broken orbital eye socket, cuts and bruises, a black eye, bruises and contusions on his face, scrapes and bruising on his face, pain in his body, bleeding left eye; severe emotional trauma,

---

[1] It is unclear where Officer Privette placed his weight while kneeing the Plaintiff. Limited discovery such as dash camera video, body camera video along with deposition of the officers.

suffering, and distress; mental, and emotional pain, anguish, suffering, and distress; compensatory and consequential damages, including damages for emotional anguish and distress, suffering, humiliation, loss of enjoyment of life, and other pain and suffering; economic losses; special damages; and punitive damages against individuals Defendants Privette, Webb, and Hein.

### H. DECLARATORY AND INJUNCTIVE RELIEF

42. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. §1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein of the Defendant City of Houston and its police department.

### I. 42 U.S.C. § 1988 – ATTORNEYS' FEES AND COSTS

43. Plaintiff is further entitled to attorneys' fees and costs pursuant 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law for Plaintiff's lawyers work done in the District Court, the Fifth Circuit Court of Appeals, and the United States Supreme Court.

### J. JURY DEMAND

44. Plaintiff respectfully demands a jury trial pursuant to Fed R. Civ. P. 8(b).

## K. **PRAYER**

45. Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

(a) Compensatory and consequential damages, including damages for emotional distress suffering, humiliation, loss of enjoyment of life and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(b) Economic losses on all claims allowed by law;

(c) Special damages in an amount to be determined at trial;

(d) Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

(e) Attorneys' fees and the costs associated with this action under 42 U.S.C. §1988, including expert witness fess, on all claims allowed by law;

(f) Pre- and post- judgment interest at the lawful rate; and,

(g) Declaratory and injunctive relief; and

(h) Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted,

**LAW OFFICE OF JOSEPH K. PLUMBAR**

*/s/ Joseph K. Plumbar*
**JOSEPH K. PLUMBAR**
Federal Bar No. 1493814
1200 Rothwell Street
Houston, Texas 77002
713.384.5507 (office)
866.252.3048 (facsimile)
**ATTORNEY FOR PLAINTIFF**


**THE SAVOY LAW FIRM**
*/S/ Bryan K. Savoy*
Bryan K. Savoy
1200 Rothwell Street
Houston, Texas 77002
713.659.1112. (office)
**ATTORNEY FOR PLAINTIFF**